## Case No. 13,551.

### STRUVE v. SCHWEDLER et al.

### [4 Blatchf. 23.] [1]

Circuit Court, S. D. New York.    April 15, 1857.

COPYRIGHT—HOW SECURED.

Under section 4 of the copyright act of February 3d, 1831 (4 Stat. 437), in order to secure a copyright to a book, a printed copy of its title must be deposited in the proper clerk's

------

[1] [Reported by John Gallison, Esq.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

office, before its publication, and, within three months after its publication, a copy of it must be delivered to such clerk.

[Cited in Donnelley v. Ivers, 18 Fed. 594.]
[See Baker v. Taylor, Case No. 782.]

In equity. This was an application for a provisional injunction, to restrain the defendants [Frederick Schwedler and another] from the publication of a work called "Gustav Struve's Welt-Geschichte," or "Gustav Struve's History of the World," for which the plaintiff claimed to have obtained a copyright. The defendants, in their answer, set up that, as early as the year 1852, the plaintiff made an arrangement with one William Schluter, the printer of a German newspaper in New York, to print certain parts of the work; that, in pursuance of such arrangement, six volumes of the same were printed and published between the year 1852 and the 1st day of October, 1854; that, by the terms of the agreement, the plaintiff was to receive from Schluter, and did receive, during the publication thereof, ten dollars per sheet for the manuscript of the work, and was also to participate in some degree in the profits of the sales; and that the work was put on sale immediately on its first publication, and so continued until April, 1856, when Schluter became unfortunate in business and made an assignment of his property for the benefit of his creditors, including the edition of the work then on hand, and also the stereotype plates of the same. He had also previously given a chattel mortgage upon the same to one Sebastian Schovadderbeck, to secure a large indebtedness. The property was subsequently sold under the assignment and mortgage, at public auction; and the title of the defendants was derived from that sale. It was also shown that the copyright of the plaintiff was not taken out for the work until the 26th of April, 1856.

NELSON, Circuit Justice. Besides the apparent title of the defendants to the edition of the six volumes of the history in question, derived under the agreement of Schluter with the plaintiff, and the printing and publication in pursuance thereof. there is another objection to the injunction asked for, to which no answer has been given. By the 4th section of the copyright act of February 3d, 1831 (4 Stat. 437), it is provided, that no person shall be entitled to the benefit of it, unless he shall, before publication, deposit a printed copy of the title of his book in the clerk's office of the district court of the district in which the author resides, and shall, within three months from the publication of the book, deliver a copy of it to the clerk of the said district. In this case, neither of these steps was taken till some years after the publication, and after two editions had been printed, and the greater part of them sold. The motion for the preliminary injunction must, therefore, be denied.